Chester DEMPSEY and Helen Jane Dempsey,

v.

ASSOCIATED AVIATION UNDERWRITERS, Lonnie Williams and Cessna Aircraft Company.

Civ. A. No. 91–5162.

United States District Court, E.D. Pennsylvania.

March 1, 1993.

Jonathan M. Stern, Katten Muchin Zavis & Dombroff, Washington, DC.

Ralph G. Wellington, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Defendant.

Arthur Alan Wolk, Wolk, Genter & Harrington, Philadelphia, PA, for Plaintiffs.

## MEMORANDUM

DALZELL, District Judge.

This litigation saga began in 1990 when Chester and Helen Dempsey filed an action in the Court of Common Pleas of Montgomery County, Pennsylvania, seeking damages for injuries incurred in a 1988 airplane accident. The Dempseys on October 15, 1990, settled their state claims against Cessna Aircraft Company for $300,000.00. After the settlement, however, Cessna voluntarily disclosed that it had withheld potentially critical documents from the Dempseys during discovery. In response, the Dempseys on October 12, 1991, filed the instant diversity action alleging that Cessna, Associated Aviation Underwriters ("AAU") and Lonnie Williams [1] had committed fraud in negotiating the settlement. The federal suit sought rescission of the settlement without remittance of the $300,000 back to Cessna.

On February 7, 1992, on the defendants' motions, we dismissed the Dempseys' complaint. *Dempsey v. Associated Aviation Underwriters*, 141 F.R.D. 248 (E.D.Pa.), *aff'd without op.*, 977 F.2d 567 (3d Cir.1992). We explained in our opinion that we were dismissing the action against Cessna because the Dempseys had waived their right to assert a fraud action by failing to tender the settlement proceeds back to Cessna. *Id.* at 249–250. We dismissed the action against AAU and Williams after finding that those two defendants owed the Dempseys no legal duty independent of that which Cessna owed them. *Id.* at 251–252. The Court of Appeals affirmed our opinion by judgment order. 977 F.2d 567.

Now before us is the Dempseys' motion for relief from our judgment under Fed.R.Civ.P. 60(b). In their motion, the Dempseys contend that two items of "newly discovered evidence" warrant the opening of the judgment. For the reasons that follow, we will deny their motion.

■ The Dempseys assert as their first ground for relief that they have recently discovered that Cessna would have refused to accept payment of the settlement proceeds even if the Dempseys had proffered it. The Dempseys "discovered" this "new evidence" after they sought relief from their settlement in the Montgomery County Court of Common Pleas action, by once again alleging that the defendants had fraudulently induced them into the $300,000.00 settlement.[2] The

---

1. Williams is the Claims Manager at AAU's office in Overland Park, Kansas.

2. *See* Plaintiffs' Petition to Set Aside Joint Tortfeasor Settlement ("Plaintiffs' Petition"), filed May 16, 1992 in *Dempsey v. Cessna Aircraft Co.*, No. 90–01503 (C.C.P. Montgomery Cty., Pa.), Ex-

Dempseys, apparently having learned a lesson from their loss in their federal suit, attempted, for the first time, to tender the settlement proceeds to Cessna in connection with this new petition. Cessna, however, refused the Dempseys' tender, and the Montgomery County Common Pleas Court on February 10, 1993, sustained Cessna's refusal.

■ In the motion now before us, the Dempseys argue that Cessna's refusal of tender in the state court proceedings proves that tender would have been futile in the federal proceedings as well. They contend that this realization is "newly discovered evidence" sufficient to set aside the federal judgment. We disagree.

Fed.R.Civ.P. 60(b) provides, in pertinent part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

Under this rule, a party can obtain relief from a judgment based on newly discovered evidence only if that evidence is "(1) material and not merely cumulative, (2) could not have been discovered prior to [judgment] through the exercise of reasonable diligence, and (3) would probably have changed the outcome". *Bohus v. Beloff,* 950 F.2d 919, 930 (3d Cir. 1991).

The Dempseys' first proffer of "newly discovered evidence" fails to satisfy the second requirement of the rule. That is, the Dempseys could have discovered prior to our February 7, 1992 judgment whether tender was futile had they acted diligently by endeavoring to return the money. In fact, at the oral argument we held six weeks before entering judgment, we explicitly invited the Dempseys to return the settlement proceeds to Cessna, but counsel advised us that his clients could not return the money because they needed it for support. *See* transcript of December 27, 1991 oral argument at 32. Instead, the Dempseys waited until May of 1992, three months after we had entered judgment against them, to attempt to return the proceeds to Cessna.[3] If the Dempseys had been acting with reasonable diligence as the Rule requires, they would not have delayed tender of the settlement proceeds for such a long time.

Moreover, we find untenable the Dempseys' assertion that Cessna's rejection of the tender in May of 1992 is proof that Cessna would have rejected it before we entered judgment in February 1992. The situation when Cessna rejected the tender was radically different from that which obtained prior to our judgment. When Cessna refused to accept the tender in May of 1992, it rightfully believed that the Dempseys' state court petition was barred by the doctrines of collateral estoppel and *res judicata.* In short, after it won in federal court, Cessna had every reason to be confident that its refusal of payment was legally justified. Indeed, when Cessna proffered these arguments in the Montgomery County Court of Common Pleas, Judge Corso agreed with Cessna and denied the Dempseys' petition. *See Dempsey v. Cessna Aircraft Co., supra,* Feb. 10, 1993 slip op.[4]

hibit C to Cessna's Response to the Dempseys' Motion ("Cessna's Response").

**3.** In the Dempseys' May 16, 1992 petition to set aside the joint tortfeasor settlement, the Dempseys stated that they had already attempted to tender the proceeds and Cessna had already refused that tender. *See* Plaintiffs' Petition at ¶ 26, Exhibit C to Cessna's Response. Cessna, however, maintains that the Dempseys did not tender the proceeds until June of 1992. *See* Cessna's Response at 7–8. All that we know for certain is that the parties agreed on July 1, 1992 that "plaintiffs have tendered return of the settlement proceeds and Cessna has declined that tender." Letter from defendants' counsel to Judge Corso of the Montgomery County Court of Common Pleas, Exhibit A to Cessna's Response. For the purposes of this motion, we will use the dates most favorable to the Dempseys and assume that both the attempt at tender and the refusal occurred in May of 1992.

**4.** Judge Corso also held that the petition was barred by the Pennsylvania doctrine of election of remedies which precludes "a party who made a decisive choice of remedy from later resorting

Because Cessna had no such defenses to the Dempseys' suit prior to our February, 1992 judgment, we cannot assume that Cessna would have rejected tender prior to that date. Therefore, not only does the Dempseys' argument regarding this first item of newly discovered "evidence" fail because the Dempseys were not reasonably diligent, but it also fails because the evidence simply does not support the attenuated inference the Dempseys wish us to draw from it.

■ The second item of "newly discovered evidence" on which the Dempseys base their motion is a letter defendant Williams wrote to outside counsel engaged to defend Cessna in an unrelated case. The letter states, in pertinent part:

It has come to my attention that one or more plaintiff's counsel have attempted to obtain old documents from Cessna which long ago had been discarded in compliance with their retention program. One source for these document would be the files maintained in storage by our defense counsel.

Accordingly, would you please search any files you have involving The Cessna Aircraft Company and pull and destroy any documents contained in those files. The term "document" includes any discovery materials provided by or on behalf of Cessna even if this document was not actually produced or utilized during discovery or at trial.

In addition, if you hired any experts, either for trial testimony or for consulting purposes, please have these individuals accomplish the same search and discard procedure.

Exhibit 2 to plaintiffs' motion for relief from judgment. The Dempseys allege that the letter's purpose was to achieve a "wholesale purging of files", but the AAU defendants assert that it was meant only to "achieve consistency between the files of counsel who had represented Cessna and Cessna's own document retention program". In any case, we find that knowledge of the letter would have had no impact on our judgment in this matter and, therefore, the letter is not "material" evidence under Fed.R.Civ.P. 60(b) as

to an inconsistent and repugnant remedy", slip.

our Court of Appeals construed the Rule in *Bohus*.

The Dempseys argue that the "newly discovered" letter is evidence of the AAU defendants' involvement in the litigation of the Dempseys' action, and they contend that if they had been able to establish this involvement before judgment, we would not have dismissed their claims. The Dempseys, however, misunderstand the basis of our earlier opinion.

We held in our earlier opinion that AAU and Williams owed no independent legal duty to the Dempseys because the AAU defendants had not directly participated in the Dempseys' settlement negotiations. *See* 141 F.R.D. at 251–252. AAU's alleged involvement in the general defense of the litigation was irrelevant to our holding. Because the letter that the Dempseys now proffer goes only to AAU's involvement in Cessna's litigation in general and does not even suggest that the AAU defendants had any direct involvement in settlement negotiations with the Dempseys, it would not "have changed the outcome." Therefore, the Dempseys' second basis for their motion must fail as their first did.

For the foregoing reasons, the Dempseys' motion for relief from judgment pursuant to Rule 60(b) will be denied.

op. at 7–9 [citation omitted].